IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT G. BAKER,

      Plaintiff,                No. 2:09-cv-1290 KJM EFB P

      vs.

JAMES J. WALKER, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. On March 29, 2012, the court granted defendants' motion to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief may be granted. Dckt. No. 33. The court also granted plaintiff leave to amend his Eighth and Fourteenth Amendment claims regarding his gang validation proceedings and his Security Housing Unit sentence. Before the court is plaintiff's second amended complaint. Dckt. No. 34. For the reasons discussed below, the court finds that the second amended complaint fails to cure the defects in plaintiff's Eighth and Fourteenth Amendment claims, and must therefore be dismissed without leave to amend.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In the first amended complaint, plaintiff named Virga, Brandon, Villasenor, and Parker as defendants. Dckt. No. 11. Plaintiff claimed that defendant Brandon violated his right to due process because, contrary to CDCR regulations, Brandon reviewed an administrative appeal regarding an event that allegedly involved defendant Brandon. In dismissing that claim *without* leave to amend, the court informed plaintiff that there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). The court also explained that even if Brandon violated CDCR regulations in addressing plaintiff's administrative appeal, he did not violate plaintiff's constitutional rights. *See* Dckt. No. 31 at 12.

In the second amended complaint, plaintiff alleges that "Brandon should not have heard [his] appeal but instead a non-biased party." Dckt. No. 34 at 6. Plaintiff's claim against defendant Brandon must be dismissed for exceeding the scope of leave granted, and for once again, failing to state a cognizable claim.

In recommending that plaintiff's first amended complaint be dismissed, the court also informed plaintiff that to state a claim under § 1983, he must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The court further informed plaintiff that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

(9th Cir. 1978).

In the second amended complaint, plaintiff no longer names Virga, Villasenor, or Parker as defendants. Instead, plaintiff adds defendants Malfi, Ruff, Speer and Buechnen. Dckt. No. 34. Plaintiff fails to set forth factual allegations showing that any of these defendants were personally involved in depriving plaintiff of his constitutional rights. As to Malfi, plaintiff merely alleges that he "was the acting warden of CSP Sacramento at the time the events in this complaint occurred and was legally responsible for all operations within CSP Sacramento and for the welfare of all inmates within this prison." Dckt. No. 34 at 2. As for defendants Ruff, Spear, and Buechnen, plaintiff alleges only that they were each "one of the three reviewers of [plaintiff's] validation package sent by K. Brandon and who approved [plaintiff's] validation." *Id.* at 2-3. Plaintiff also claims that defendants' personal involvement "is clear" because they are "the decision makers to segregate plaintiff." *Id.* at 5. Such bare allegations, however, are insufficient to demonstrate that defendant Malfi, Ruff, Speer or Buechnen violated plaintiff's constitutional rights.

Moreover, the court informed plaintiff that when a prisoner alleges a due process violation in connection with a prison official's decision to validate the prisoner as a gang member, "some evidence" must support the decision. *Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455, (1985)). Additionally, the inmate must be provided with adequate notice, an opportunity to present his views, and periodic review. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986); *see also Bruce*, 351 F.3d at 1287 (explaining that only minimal procedural protections apply when assigning suspected gang affiliates to the SHU, because the decision is "'essentially a matter of administrative discretion'" as opposed to a disciplinary measure) (quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)). In the second amended complaint, plaintiff fails to demonstrate, or even allege, that the decision to validate him as a gang member was not supported by some evidence. Plaintiff claims generally that he was denied "adequate procedural

3

protections," but does not allege what protections he was denied, or allege who denied him those protections. Dckt. No. 34 at 3. Plaintiff thus fails to cure the deficiencies in his Fourteenth Amendment claim based on his gang validation proceedings.

With respect to plaintiff's alleged placement in the Security Housing Unit (SHU), the court previously informed plaintiff that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Further, inmates do not have a liberty interest in earning work or conduct credits. *McGrath*, 2009 U.S. Dist. LEXIS 118152, at *21-23 (E.D. Cal. Dec. 17, 2009). And the chance that a disciplinary action might affect an inmate's parole date "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Sandin*, 515 U.S. at 487. In the instant complaint, plaintiff again alleges that placement in the SHU affects his ability to earn credits. He also alleges that isolation in the SHU is "different" from the sentence of a general population inmate, but fails to plead facts showing how the conditions of his SHU sentence present a dramatic departure from the basic conditions of his sentence. Dckt. No. 34 at 11. Thus, plaintiff fails to plead facts showing that he had a liberty interest protected by the Due Process Clause in avoiding indefinite placement in the SHU or that any defendant violated plaintiff's right to that protected interest.

The court previously informed plaintiff that a prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such an Eighth Amendment claim, a

4

prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834.  In the instant complaint, plaintiff claims that "isolated segregation for many years or often definitely causes severe physical and mental pain and suffering." Dckt. No. 34 at 13.  These bare and speculative allegations fail to show inhumane or sufficiently dangerous conditions or that any defendant acted with deliberate indifference to plaintiff's health or safety.  Accordingly, plaintiff's Eighth Amendment claim based upon his SHU sentence must be dismissed.

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile.  Accordingly, the court will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (courts should provide a pro se plaintiff with an opportunity to amend after notifying the plaintiff of defects in the complaint); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a claim; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6